JEFFREY H. WOOD,
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

SHAUN M. PETTIGREW, Trial Attorney
JOHN S. MOST, Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3895 (Pettigrew)
Phone: (202) 616-3353 (Most)
Fax: (202) 305-0506

*Counsel for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> CLOUD PEAK ENERGY, INC., *et. al.*, <br><br> Intervenor Defendants. | Case No. 4:16-cv-00021-BMM <br><br> **FEDERAL DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF ORDER** |

Pursuant to Local Rule 7.3(a), Federal Defendants move for leave to file a motion for reconsideration of the Opinion and Amended Order (Order) dated March 26, 2018, ECF No. 111, under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits revision of an interlocutory order "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiffs object to this motion. Intervenor-Defendants do not object to this motion.

Without entering judgment, the Order granted in part and denied in part Federal Defendants' cross motion for summary judgment and held that the separate final environmental impact statements supporting revisions to resource management plans (RMPs) for the Buffalo field office in Wyoming and the Miles City field office in Montana violated the National Environmental Policy Act (NEPA) by (1) not considering an "alternative that would decrease the amount of extractable coal available for leasing," (2) not considering "the environmental consequences of the downstream combustion of the coal, oil, and gas resources potentially open to development under the[] RMPs," and (3) using a global warming potential factor based on a 100-year time horizon. *Id.* at 24, 35, 41.

To remedy the first holding, the Order stated that "NEPA requires [the Bureau of Land Management (BLM)] to conduct new coal screening and consider climate change impacts to make a reasoned decision on the amount of recoverable

1

coal made available in the RMPs."[1]  *Id.* at 46.  Federal Defendants seek leave to file a motion to reconsider this portion of the Order.  Rather than requiring BLM to consider an alternative under NEPA that identifies fewer areas as acceptable for further consideration for coal leasing, this portion of the Order requires BLM to conduct a substantive analysis under the Mineral Leasing Act of 1920 and the Federal Land Policy and Management Act.  But Plaintiffs brought only NEPA claims and the Court found only NEPA violations.  As such, the Order affirmatively enjoins BLM to take action under statutes that Plaintiffs have not challenged.  *Cf. Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 157-58 (2010) (noting injunction does not automatically issue in NEPA cases).

Such a requirement constitutes new facts or applicable law under Local Rule 7.3(b) warranting leave to file a motion to reconsider.  Alternatively, the Court should exercise its inherent power in the exercise of its discretionary authority over its docket to allow Federal Defendants to move for reconsideration for the reasons permitted by Rule 54(b).  *See Davenport v. Idaho Dep't of Envtl. Quality*, No. 05-cv-054-E-LMB, 2007 WL 2021972, at *2 (D. Idaho July 11, 2007); *see also Am.*

---

[1] The Order required the parties to "meet and confer in a good faith attempt to reach an agreement on remedies" and provided for further briefing in the absence of such an agreement.  Order at 52.  But that portion of the Order addressed whether the record of decision should be vacated or whether coal, oil, or gas development should be enjoined pending completion of a supplemental environmental impact statement, not what supplemental analyses BLM must complete on remand.  *Id.* at 48-51.

2

*Rivers v. NOAA Fisheries*, No. 04-cv-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (noting Rule 54(b) standard and "district court's inherent common-law authority to rescind or modify an interlocutory order." (citations omitted)).

Respectfully submitted on this 27th day of April, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
JOHN S. MOST
Trial Attorneys
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044–7611
Phone: (202) 305-3895(Pettigrew)
Phone: (202) 616-3353 (Most)
Fax: (202) 305–0506
shaun.pettigrew@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to counsel for the parties.

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
*Counsel for Federal Defendants*
