# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS, *et al*.<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior, *et al*.<br><br>Defendants. | CV 16-21-GF-BMM<br><br><br><br>ORDER |

## I. INTRODUCTION

The Court issued an Opinion and Order in this matter on March 26, 2018. (Doc. 111.) The Court ordered the parties to meet and confer in good faith to reach an agreement as to remedies. *Id*. at 52. In the absence of such agreement, the Court ordered the parties to submit, within sixty days, supplemental briefing on the issue. *Id*. The parties submitted remedies briefs on May 25, 2018. (Docs. 113; 114; 115.)

## II. DISCUSSION

**A.    Timeline for Expedited EIS Revisions**

Federal Defendants have provided two proposed expedited schedules for the preparation of a supplemental EIS for the Buffalo RMP and a supplemental EIS for

1

the Miles City RMP. The first timeline provides a twelve-month schedule for a corrective NEPA analysis. (Doc. 114 at 22.) The second timeline provides a sixteen-month schedule that adds four months for new coal screening. *Id.*; (Doc. 114-1 at 9.) Federal Defendants have filed additionally a motion to reconsider the section of the Court's March 26, 2018, Order that requires Federal Defendants to perform new coal screening. (Doc. 112.)

The Court deems it inappropriate to take up the motion to reconsider at this juncture, as reconsideration should not serve as a substitute for appeal. *County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1209 (N.D. Cal. 2017) (internal references omitted); *cf. Equal Empl. Opportunity Commn. v. Wah Chang Albany Corp.*, 499 F.2d 187, 190 (9th Cir. 1974) (discussing reconsideration of a final judgment under Fed. R. Civ. P. 60(b)). With the entry of judgment pursuant to this Order resolving remedies, Federal Defendants remain free to appeal the Court's final decision. *See* F. R. App. P. 4.

The Court notes, however, that the BLM stated that the coal screening criteria could be reapplied as necessary in both the Miles City PRMP and FEIS and the Buffalo PRMP and FEIS. MC:7-3315; BUF:6-2231. BLM responded to public comment advocating for updated coal screening in the Miles City PRMP and FEIS by deferring to the ready reapplication of the coal screening factors. MC:7-3855-3857. The Court sees no reason that Federal Defendants cannot reapply the coal

2

screening factors at this juncture. The Court adopts Federal Defendants' 16-month expedited timeline for the remedial NEPA analyses, to be completed no later than November 29, 2019. (Doc. 114-1 at 9.)

**B.     Injunctive Relief**

Plaintiffs assert that the Court should enjoin issuance of new leases, and any surface-disturbing activity on existing leases. Injunctive relief represents "a drastic and extraordinary remedy" that a court should not grant "as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). A party seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; (4) that the public interest would not be disserved by a permanent injunction." *Id*. at 156-57 (internal references omitted).

The Court has already ordered Federal Defendants to comply with the Court's March 26, 2018, Order. This Order applies when issuing any new or pending lease of coal, oil, or gas resources in the Buffalo or Miles City planning areas until Federal Defendants produce remedial analyses that comply with its obligations under NEPA. (Doc. 111 at 51.) With such relief already imposed, Plaintiffs have failed to demonstrate an irreparable injury, or that that the balance

3

of hardships favors a more restrictive injunction. *Monsanto*, 561 U.S. at 156-57.

**C.    Vacatur**

Plaintiffs seek a vacatur of the ROD issued by Federal Defendants on September 21, 2015. The Administrative Procedures Act allows a court to "hold unlawful and set aside agency action, findings, and conclusions found to be. . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The APA does not "mechanically obligate[]" Courts, however, "to vacate agency decisions that they find invalid." *Pac. Rivers Council v. U.S. Forest Serv.*, 942 F. Supp. 2d 1014, 1017 (E.D. Cal. 2013). "When equity demands," the Court may leave the agency action in place while the agency completes appropriate remedial measures. *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (citations omitted).

The ROD addresses twelve RMP revisions and amendments spanning millions of acres of federally owned lands across the western United States. Were the Court to set aside the ROD, such action would invalidate all underlying RMPs. As the Court noted in its Order, invalidation of the RMPs would cause BLM's management plan to revert to the 1985 Buffalo RMP and the 1996 Miles City RMP. (Doc. 111 at 49.) The parties have not refuted directly this premise. In light of this circumstance, the Court deems it inequitably disproportionate to the scope of the instant action, which challenged only the Buffalo RMP and the Miles City

RMP, to issue a vacatur of the ROD. The ROD remains in place subject to the restrictions of the Court's March 26, 2018, Order.

III. **ORDER**

Accordingly, **IT IS ORDERED**:

1. Federal Defendants shall complete, within sixteen months of today's date and no later than November 29, 2019, new coal screening and remedial NEPA analyses in compliance with the Court's March 26, 2018, Order (Doc. 111).

2. Any new or pending leases of coal, oil, or gas resources in the planning areas subject to the Buffalo RMP and the Miles City RMP must undergo comprehensive environmental analyses in compliance with the Court's March 26, 2018, Order (Doc. 111) and all existing procedural requirements under NEPA and the APA.

3. The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendants on Claim 1, Claim 3, and Claim 5, in accordance with the Court's March 26, 2018, Order. (Doc. 111.)

4. The Clerk of Court is directed to enter judgment in favor of Defendants/Intervenors and against Plaintiffs on Claim 2, Claim 4, and Claim 6, in accordance with the Court's March 26, 2018, Order. (Doc. 111.)

5. Federal Defendants' Motion to Reconsider (Doc. 112) is **DENIED AS MOOT**.

6. Federal Defendants' and Defendant-Intervenors' Motions for Leave to File Response to Plaintiffs' Remedies Brief (Docs. 117; 119) are **DENIED AS MOOT**.

DATED this 31st day of July, 2018.

Brian Morris
United States District Court Judge